UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS ALBERTO RODRIGUEZ NAVAS,

Petitioner,

v.

WARDEN, NORTHWEST ICE PROCESSING CENTER, et al.,

Respondent.

Case No. 2:26-cv-04346-TLF

ORDER GRANTING UNOPPOSED HABEAS PETITION

After petitioner was arrested and detained by United States Immigration and Customs Enforcement officers, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. 1. His petition, filed without the assistance of counsel, alleges he was released on parole and subsequently re-detained. *Id.* He challenges the legal basis for his detention and lack of an individualized custody review and argues he suffers from serious medical conditions relevant to his continued detention. *Id.* The Court interprets the petition to allege a violation of petitioner's right to due process. *Id.* Petitioner requests: (1) release from detention at the Northwest ICE Processing Center (NWIPC), or; (2) alternatively, an individualized custody hearing; and (3) that the Court "grant any further relief the Court deems just and proper." *Id.*

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4.

On November 9, 2026, the Court issued a scheduling order instructing respondents to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. 3 at 1.

On November 16, 2026, the Court issued a minute order requesting the Office of the Federal Public Defender ("FPD") "review this matter, determine whether petitioner qualifies for appointment of the Federal Public Defender ("FPD"), and advise the Court within seven days (November 23, 2026) whether it will seek appointment in this matter." Dkt. 6.

On November 18, 2026, respondents filed a return, and indicated: "Pursuant to this Court's Scheduling Order (Dkt. No. 3), Federal Respondents submit that immigration officials re-detained Petitioner after previously having been released from immigration detention. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. 8. The abbreviated return does not contain legal argument or any factual assertions.

On November 19, 2026, FPD filed a Notice of Appearance on petitioner's behalf and filed a reply to the petition in which they reiterate and clarify petitioner's claims as alleging a due process violation and seek the following injunctive relief: respondents must release petitioner on the conditions of his prior release (which were simple parole with a notice to appear and no apparent supervision), and may not impose new conditions of release unless changed circumstances demonstrate that such conditions are necessary to ensure his reappearance or protect community safety; respondents must return any property taken from petitioner at the time of his arrest; respondents may not detain petitioner without pre-deprivation notice and a meaningful opportunity to be

heard where respondents bear the burden to justify detention by clear and convincing evidence in front of a neutral arbiter; if respondents lawfully re-detain petitioner in compliance with the above parameters, respondents must promptly afford him a meaningful bond hearing before an immigration judge (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that the class of individuals similarly situated to Mr. Rodriguez Navas are entitled to bond hearings). Dkts. 9, 10. On November 20, respondents filed a surreply asking that petitioner's requests for injunctive relief raised in reply be stricken. Dkt. 12.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375–76 (citation modified).

Here, petitioner asserts he entered the United States and was initially released on interim parole on May 2, 2023, with an expiration date of April 30, 2024; he was not detained at the expiration of his parole but was permitted to remain in the country for over two more years; he has applied for asylum and his application remains pending and his removal proceedings remain pending. Dkt. 1. He argues he was re-detained on October 14, 2026, without sufficient (or any) individualized process to challenge his detention, i.e., that he was detained without due process. *Id.* at 3; Dkt. 10 at 3. In

response, respondents acknowledge “that immigration officials re-detained Petitioner after previously having been released from immigration detention.” Dkt. 8.

Petitioner’s argument has been accepted by courts in this Circuit, including this Court. *See, e.g.*, *Broche Perez v. Hernandez*, No. 26-cv-03088-TLF (W.D. Wash. Sept. 16, 2026) (finding due process violation and granting release where “although petitioner’s parole expired in April 2025, that the government continued to permit petitioner to live and work freely for over a year while he pursued his application for adjustment of status with USCIS ‘demonstrates a constructive extension of the parole’ thus the procedures for on-notice termination applied and in failing to provide it the record shows ‘the government failed to follow its own regulations, which it is not free to disregard.’”) (quoting *Yao v. Mullin*, No. C26-1599-BAT, 2026 WL 1596276, at *3 (W.D. Wash. June 4, 2026).

Assuming petitioner’s allegations as true, his petition should be granted. The government has full access to the relevant facts concerning petitioner's detention, but it has offered no factual or legal basis to rebut his petition. *Barrios Rojas v. Scott*, No. C26-4256-KKE, 2026 WL 3558396, at *1 (W.D. Wash. Nov. 19, 2026). Under these circumstances, “the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite.” *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the respondents’ election not to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) (“The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party]

raised.”)); *Rojas*, 2026 WL 3558396, at *1. Because the respondents have declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the respondents have waived any challenge to the arguments raised in the petition. *Id.*; *see Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026).

As many other courts have found in such circumstances, the petition should be granted based on the respondents’ “failure to oppose the primary relief sought.” *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also Rojas*, 2026 WL 3558396, at *1*; Carrillo*, 2026 WL 2815883 (“As such, the Court need not decide whether it agrees with the merits of Petitioner’s claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.”).

In sum, the respondents have failed to meet their burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 4) and ORDERS that:

(1) Respondents must immediately release petitioner **no later than November 24, 2026**, on the same conditions that governed his release before his re-detention;

(2) Respondents shall file a status report no later than **November 26, 2026**, confirming petitioner’s release in compliance with this order;

(3) Respondents must release petitioner on the conditions of release that applied before he was re-detained on October 14, 2026 (simple parole with a notice to appear and no supervision), and may not impose new conditions of release

unless changed circumstances demonstrate that such conditions are necessary to ensure his reappearance or protect community safety;

(4) Respondents must return any property taken from petitioner at the time of his arrest including personal identification documents (other than a passport) and employment authorization documents;

(5) If respondents seek to re-detain petitioner while his removal proceedings are pending, respondents must provide due process, including written notice and a hearing before a neutral decision maker and the government must bear the burden to show by clear and convincing evidence that petitioner is a flight risk or a danger to the community.

Dated this 23rd day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge